IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAURENCE EDWIN ASHFORD,

    Petitioner,                               No. CIV S-11-1423 JAM GGH P

   vs.

RON BARNES, Warden,[1]

    Respondent.                              ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss the petition, filed on August 16, 2011 (docket # 11). Petitioner was convicted in Sacramento County Superior Court in 2008 of assault with a firearm and negligent discharge of a firearm and, with a sentencing enhancement found true, was sentenced to a determinate five-year state prison term. Petition, p. 1; Motion to Dismiss (MTD), p. 2, respondent's Lodged Document (hereafter, Rsp. Lod. Doc.) 1, Abstract of Judgment. Petitioner raises the following grounds: 1)

---

[1] Respondent's counsel has requested that California Correctional Center Warden Ron Barnes be substituted in under Fed. R. Civ. P. 25(d) as respondent in place of the People of the State of California, whom petitioner had improperly named as respondent. See Motion to Dismiss, footnote 1 (docket # 11); see also, Order, filed on June 17, 2011, n. 1 (docket # 4). The request is hereby granted.

ineffective assistance of counsel; 2) prosecutorial misconduct; 3) judicial bias; 4) biased jury; 5) malicious prosecution. Petition, pp. 4-14.[2]

<u>Motion to Dismiss</u>

Respondent moves for dismissal on the ground that the petition is barred by the AEDPA one-year statute of limitations. See Motion to Dismiss (MTD). The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner was sentenced on May 16, 2008. Rsp. Lod. Doc. 1. The Third District Court of Appeal, on June 9, 2009, stayed the sentence for negligent discharge of a firearm, ordering the trial court to amend the abstract of judgment to that effect and, as modified, affirmed the judgment. MTD, p. 2, Rsp. Lod. Doc. 2, unpublished 3rd DCA opinion, filed on June 9, 2009; Rsp. Lod. Doc. 3, amended abstract of judgment filed on June 23, 2009. The state Supreme Court denied the petition for review on August 12, 2009. MTD, p. 2, Rsp. Lod. Doc. 4, Petition for review; Rsp. Lod. Doc. 5, Cal. Supreme Court denial of review, filed on August 12,

---

[2] The court's electronic pagination is referenced.

2009. Respondent is correct that petitioner had ninety (90) days following the state Supreme Court's August 12, 2009, denial of the petition for review before the state court conviction became final, which is the period of time petitioner would have had to file a petition for writ of certiorari with the United States Supreme Court. MTD, p. 3, citing Supreme Court Rule 13; Bowen v. Roe, 188 F.3d 1157[, 1159] (9th Cir. 1999). Thus, as respondent contends, petitioner's conviction became final on November 10, 2009, and the one-year statute of limitations under AEDPA began to run the day following, on November 11, 2009. Id., citing Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001)(in turn citing Fed. R. Civ. P. 6(a)). Therefore, under 28 U.S.C. § 2244(d), petitioner had, absent any time for applicable tolling, until November 10, 2010, to file his federal habeas petition.

Respondent has set forth the three state collateral challenges respondent contends were brought by petitioner (MTD, p. 2)[3]:

    The first habeas petition:
    - *filed* in Sacramento County Superior Court *on August 4, 2010*
    (Rsp. Lod. Doc. 6)
    - *denied on October 22, 2010* (Rsp. Lod. Doc. 7), citing, inter alia
    In re Robbins, 18 Cal.4th 770, 811-812, 812 fn. 32 (1998); In re
    Clark, 5 Cal. 4th 750, 774-775 (1993);

    The second petition:
    - *filed* in the Third District Court of Appeal *on February 3, 2011*
    (Rsp. Lod. Doc. 8)
    - *denied (postcard denial) on February 17, 2011* (Rsp. Lod. Doc. 9);

    The third and final state court habeas petition (denominated a
    "Petition for Review"):
    - *filed* in the state Supreme Court *on March 11, 2011* (Rsp. Lod. Doc. 10)
    - *denied (postcard denial) on May 11, 2011*( Rsp. Lod. Doc. 11).

---

[3] Respondent notes that petitioner has been afforded application of the mailbox rule with respect to the filing of his state habeas corpus petitions. MTD, p. 2, fn. 3, citing Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to state and federal petitions filed by inmates pro se); see also, Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts; Houston v. Lack, 487 U.S. 266, 275-76, 108 S.Ct. 2379, 2385 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).

Respondent is correct that petitioner is not entitled to statutory tolling between November 10, 2009, when petitioner's conviction became final and the date of the filing of his initial state court habeas petition on August 4, 2010. MTD, p. 4, citing Lawrence v. Florida, 549 U.S. 327[, 330, 127 S. Ct. 1079] (2007) (observing therein that 364 days of the AEDPA statutory period had passed following the date petitioner's conviction had become final before he filed for state postconviction relief). Therefore, when petitioner filed his initial state court habeas petition in this case, 266 days of the one-year period had lapsed,[4] leaving a total of 99 days remaining. Further, as respondent points out, petitioner is also not entitled to tolling for the period between the date of the finality of his conviction and the initial state court habeas petition because the first petition was deemed untimely (see below). MTD, pp. 4-5.

Under the AEDPA, the period of limitation is tolled while a "properly filed" application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). Petitions are properly filed so long as there was no unreasonable delay between the petitions, and if each petition is properly filed, then a petitioner is entitled to a tolling of the statute of limitations in the intervals between a lower court decision and the filing of a petition in a higher court during one complete round of appellate review ("interval tolling"). See Evans v. Chavis, 546 U.S. 189, 193-194, 198, 126 S.Ct. 846 (2006).

The Supreme Court has explained that in order for a state habeas petition to be "properly filed" for purposes of statutory tolling, the petition's delivery and acceptance must be in compliance with the laws and rules governing such filings. Pace v. DiGuglielmo, 544 U.S. 408, 413-14, 125 S.Ct. 1807 (2005). "[T]ime limits, no matter their form, are 'filing' conditions." Pace v. DiGuglielmo, 544 U.S. at 417, 125 S.Ct. at 1814. "When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Id. at 414, 125 S.Ct. at 1812.

---

[4] Although by the court's count, 267 days had passed, the court will accept respondent's calculation that one day less, 266 days, (which inures to petitioner's benefit) had lapsed.

1    In denying petitioner's initial habeas petition, the state superior court was explicit
2 in finding the claims barred by Robbins/Clark. See Rsp. Lod. Doc. 7.  While the court went on
3 to discuss the merits, after expressly finding each specific claim of the petition untimely, to
4 clarify that each would be denied even if not barred (and also asserting additional state
5 procedural bars as to some claims, referencing, e.g., In re Dixon, 41 Cal.2d 756 (1953)), it is
6 clear the merits were reached only to establish that petitioner's filing did not meet any exception
7 entitling him to review.  See id.   Therefore, respondent accurately asserts that petitioner's first
8 habeas petition could not have tolled the statutory limitations period.  MTD, p. 5, citing, Pace,
9 supra, 544 U.S. 414-15, 125 S.Ct. 1807; Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005)
10 (petition denied as untimely is not properly filed and cannot toll the AEDPA limitations period).
11 Thus, another eighty days elapsed while the first state court petition was pending, bringing the
12 number of days elapsed to 346.  Id.  Respondent is correct that the statute of limitations expired
13 on November 10, 2010, during the one hundred-and-three-day period between the October 22,
14 2010, initial habeas petition denial and the filing, on February 3, 2011, in the state appellate
15 court, during that period four hundred and forty nine (449) days had passed, exceeding the statute
16 of limitations at that point by eighty-four days.  MTD, p. 5.  There was again no tolling during
17 the pendency of that filing until the February 17, 2011 denial, nor any interval tolling between the
18 date of the appellate court denial and the filing in the state Supreme Court on March 11, 2011,
19 nor any tolling between that filing and the May 11, 2011 denial.  This is so because there is no
20 tolling to which petitioner is entitled by the AEDPA statute because he never had a properly filed
21 petition in state court during the one-year statutory period.  That is, his state court petitions filed
22 after the expiration of the statutory limitation period could not revive the statutory limitation
23 period.  Section 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the
24 limitation period once it has run (i.e., restart the clock to zero).  Thus, a state court habeas
25 petition filed beyond the expiration of AEDPA's statute of limitations does not toll the limitation
26 period under § 2244(d)(2).  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003);

1  Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.2001).

2  Respondent argues for an alternative ground upon which there was no tolling for
3  the second and third state court petitions, contending that by applying the look-through doctrine
4  of Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S.Ct. 2590 (1991), to the subsequent summary
5  denials, the last reasoned decision denying the initial petition on grounds of untimeliness is
6  presumed not to have been disregarded and thus the subsequent state court petitions were never
7  "properly filed" applications and are therefore not entitled to statutory tolling.  MTD, p. 6, citing
8  Pace, supra, 544 U.S. at 414-15, 125 S. Ct. 1807.  However, while acknowledging the long
9  "practice of federal habeas courts to 'look through' summary denials of claims by state appellate
10 courts and review instead the last reasoned state-court decision," under Ylst, supra, at 806, 111 S.
11 Ct. 2590, the Ninth Circuit, noting the recent the decision of Harrington v. Richter, __U.S. ___,
12 131 S. Ct. 770 (2011), has recently clarified that, unlike in the context of a discretionary review,
13 when the denial by the state Supreme Court of a petition for review is not a decision on the
14 merits, the summary denial of a habeas petition in California's Supreme Court is a denial on the
15 merits of an original petition.  Williams v. Cavazos, 646 F.2d 626, 635-36 (9th Cir. 2011).  Thus,
16 had petitioner in this case filed his state Supreme Court petition within the AEDPA one-year
17 statutory deadline, the summary denial would have been a merits determination of an original
18 petition and would, while pending, have acted to toll the statute.  However, as the time had run
19 before the filing of the petition to the intermediate state court, as noted, the petition filed in this
20 court, on May 16, 2011, was untimely by some 551 days or about six months.

21 Petitioner is correct that he was required to exhaust his state judicial remedies
22 before filing his federal habeas petition and he contends that he diligently sought to file each of
23 his petitions in a timely manner.  Opposition (Opp.), p. 2.[5]  Petitioner also argues if the mailbox
24 rule is applied to his initial state court filing (as respondent has done, and, indeed as this court

---

[5] Petitioner denominated his response to respondent's motion as an "answer" rather than an "opposition," but the court will characterize it properly.

does as well)), the Sacramento Superior Court ruling would be contradicted. Id., at 2-3.[6] Notwithstanding the fact that the conviction was final for AEDPA purposes on November 10, 2009, the state superior court obviously did not date the conviction as final on that basis and did not apply the mailbox rule for reasons stated in its decision.  However, it is not the within the province of this court to go behind the reasons set forth by the state court for finding the petition untimely.  Petitioner is, therefore, not entitled to tolling for any of the period of the filing of his state court petitions, first because he did not comply with the state superior court's timeliness filing requirements, and thereafter because he failed to file his subsequent petitions within the remaining AEDPA statutory limitation period, even though, ironically, he commenced the filing of his habeas petitions technically within the one-year period following the conclusion of his direct appeal under AEDPA.  Thus, the only question that remains is whether equitable tolling can save the instant petition.

*Equitable Tolling*

The Supreme Court has fairly recently held "like all 11 Courts of Appeals that have considered the question...that § 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010).  In Calderon v. U.S. District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (the Ninth Circuit case cited in Holland, supra), overruled on other grounds, Calderon v. U. S. District Court (Kelly), 163 F.3d 530 (9th Cir. 1998), itself abrogated by Woodford v. Garceau, 538 U.S.202, 123 S. Ct. 1398 (2003), the Ninth Circuit found that the statute of limitations could be equitably tolled if extraordinary

---

[6] The state superior court ruling states, in relevant part: "[t]he petition in this case was sent to this court by a United Parcel Service shipment bearing a postmark of September 13, 2010, which is more than one year after the judgment in Case No. 06F05952 became final.  Petitioner signed the instant habeas petition on August 4, 2010, but does not include a proof of service or any other document to show what date he delivered the petition to the prison authorities for mailing.  As such, petitioner does not show proof of a date of delivery for purposes of the prison-delivery mailbox rule (see generally Houston v. Lack (1988) 487 U.S. 266; In re Jordan (1992) 4 Cal.4th 116.  Because petitioner fails to show that he delivered the petition to prison authorities for mailing to this court within a reasonable amount of time since the judgment in Case No. 06F05952 became final, it appears that the petition is untimely." Rsp. Lod. Doc. 7, p. 1.

circumstances beyond a prisoner's control made it impossible to file the petition on time. "In addition, '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate.'" Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002), quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Equitable tolling will not be available in most cases because tolling should only be granted if extraordinary circumstances beyond a prisoner's control make it impossible for him to file a petition on time. Beeler, 128 F.3d at 1288-89. As held in Beeler, "[w]e have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." 128 F.3d at 1289. "Mere excusable neglect" is insufficient as an extraordinary circumstance. Miller v. New Jersey Dept. of Corrections, 145 F.3d 616, 619 (3rd Cir. 1998). Moreover, the Ninth Circuit has held that claims of ignorance of the law and illiteracy do not constitute such extraordinary circumstances and are insufficient to justify equitable tolling. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see also Hughes v. Idaho State Bd. of Corrections, supra, 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack of knowledge of the law unfortunate but insufficient to establish cause).

In the Calderon (Beeler) case, the Court of Appeals held that the district court properly found equitable tolling to allow Beeler more time to file his petition. Beeler's lead counsel withdrew after accepting employment in another state, and much of the work he left behind was not useable by replacement counsel – a turn of events over which the court found Beeler had no control. The Court of Appeals held that the district court properly found these were "extraordinary circumstances" sufficient to toll the statute of limitations.

The Ninth Circuit also found extraordinary circumstances in Calderon v. U.S. Dist. Ct. for Cent. Dist. of Ca. (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc) abrogated on another ground by Woodford v. Garceau, 538 U.S. 202, 123 S. Ct. 1398 (2003). The three reasons given which independently justified tolling were: a district court stay which prevented

petitioner's counsel from filing a habeas petition, mental incompetency until a reasonable time after the court makes a competency determination, and the fact that petitioner did at one time have timely habeas proceedings pending which were mistakenly dismissed, not as a result of any doing by petitioner. Id. at 541-42. See also Corjasso v. Ayers, 278 F.3d 874 (9th Cir. 2002) (clerk's unjustified rejection of a petition justified partial tolling); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (delay by prison in withdrawing funds from prisoner's trust account, preparing and mailing filing fee were circumstances beyond his control, qualifying him for equitable tolling); Stillman v. Lamarque, 319 F.3d 1199, 1202-03 (9th Cir. 2003) (equitable tolling permitted where litigation coordinator broke a promise to petitioner's counsel to return a signed petition for timely filing); Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003) (sufficiently egregious misconduct by counsel, such as wholly deficient performance, may justify equitable tolling).

Conversely, in U.S. v. Van Poyck, 980 F. Supp. 1108, 1110-11 (C.D. Cal. 1997), the court found that a petitioner's circumstances were not extraordinary in the following circumstances: inability to obtain transcripts from court reporters, and general prison lockdowns preventing the prisoner's access to the library and a typewriter which were necessary to his motion. See also Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (counsel's miscalculation of limitations period "and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling"); Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988) (reliance on incompetence of jailhouse lawyer not sufficient to justify cause to excuse procedural default).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 12 S. Ct. 1807, 1814 (2005); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (a habeas petitioner bears the burden of proving that equitable tolling should apply to avoid dismissal of an untimely petition).

1  "Equitable tolling is unavailable in most cases," and is only appropriate "if *extraordinary*
2  circumstances beyond a prisoner's control make it impossible to file a petition on time."
3  Miranda, supra, at 1066 (internal quotations/citations omitted [emphasis added in Miranda]).  A
4  petitioner must reach a "very high" threshold "to trigger equitable tolling [under AEDPA]...lest
5  the exceptions swallow the rule."  Id.

6         The court will construe petitioner's arguments in opposition to respondent's
7  motion as directed primarily toward a request for equitable tolling.  Petitioner contends that he
8  has no law books or legal material available at his location nor any expert knowledge of the law
9  but that he diligently sought to file his petitions timely.  Opp., pp. 1-2.  Petitioner states that he
10 must correspond with the Susanville prison law library for legal material or answers to legal
11 questions.  Id., at 2.  Attached to his declaration, petitioner includes a copy of an Inmate Request
12 for Interview, dated February 16, 2010, asking for a law book to help him work on a habeas
13 corpus petition to be loaned to him at the Eel River Conservation Camp, along with a list of
14 "grounds for appeal."  Id., at Exhibit (Ex.) M4.  The response indicating that no law book could
15 be sent was dated April 27, 2010, with grounds for appeal barely addressed.  Id.   Petitioner
16 maintains another request was never even returned.  Id., at 2.  Petitioner also contends that he
17 sought evidence from his attorney more than a year before the deadline but his request was
18 disregarded until November of 2010.  Id.  Petitioner includes a copy of a letter from his appellate
19 lawyer dated February 14, 2009, indicating that he would shortly be filing a reply brief to the
20 Attorney General's Feb. 11th responsive brief, and would then send petitioner copies.  Id., Exs.
21 M1-M2.  In addition, his counsel tells him that documents or transcripts regarding his family law
22 proceeding were not part of the criminal trial record or the appeal and had not been sent to him
23 (his attorney) but that it was possible such records contained evidence that could support a
24 habeas claim, such as ineffective assistance of counsel, and that he wished petitioner luck in
25 obtaining them.  Id.
26 \\\\

A copy of a letter dated June 29, 2009, to petitioner from a Pam Erickson who appears to have been his attorney, or associated with attorneys, in his family court case, but that is not entirely clear. Opp., Ex. M3. The letter indicates that it is a response to petitioner's request in a letter dated June 23, 2009, seeking all of the family court documents and the indication of the letter is that those documents are enclosed. Id. A copy of a letter dated August 20, 2010 (more than a year later) from petitioner, to a Mr. Dubois, states that he hopes it is the last he needs to write seeking documents from his file that were not sent to his appellate attorney; he references having written and called Pam Erickson for the documents he is seeking but to no avail (which renders the June 23, 2009, signed by Ms. Erickson unexplained and puzzling). Id., at M5. There follows a copy of a letter, dated August 25, 2010, from petitioner to a Mr. Carson, stating that petitioner has succeeded in receiving what he sought by writing Mr. Dubois and asking for evidence he gave him with respect to his motion "to retry my preliminary hearing" that he needs. Id., at M6. In a copy of a letter, dated October 25, 2010, petitioner addressed to William Dubois, Kevin Ikuma and Mr. Carson, petitioner asserts that he has received no response to any of his past requests made for over a year, the latest being the ones dated August 20 and 25 of 2010, for legal documents petitioner provided that had never been returned to him. Id., at M7. Petitioner references many calls having been made by his family seeking information as to when the documents would be available for petitioner, but without success. Id. Petitioner references November 12, 2010, as a deadline for presenting the documents. Id. Petitioner also encloses a copy of a letter dated October 27, 2010, also directed to these same three individuals stating that the October 25th letter was being enclosed. Id., at M8. In the letter of Oct. 27th, petitioner states that he had learned from his mother that she was told that the documents petitioner was seeking had previously been sent to his appellate attorney, to which petitioner very much objected as untrue. Id. Finally, a copy of a letter dated November 6, 2010, signed by Kevin Ikuma, apologizes for the delay and indicates that documents relevant to the request were being enclosed. Id., at M9. Petitioner is also told that some of the items he sought were within

the custody of the Sacramento County Clerk's Office (exhibits in a court file).  Id.

There is some confusion in the evidence petitioner presents of his diligence in pursuing the documents he claims not to have obtained until November of 2010.  For example, although Pam Erickson wrote a letter in June of 2009 stating the material he sought was enclosed, the next letter from petitioner submitted herein apparently related to the same issue, is dated more than a year later, in August of 2010.  It is not clear whether Ms. Erickson's representation that documents were being enclosed was not accurate or whether any enclosure simply did not include every document petitioner was seeking; it is also not apparent why there appears to have been such a delay between the two pieces of correspondence, although it is possible petitioner simply has not included all supporting documentation.  Also, the fact petitioner seemed to have November 12, 2010 as a deadline appears to be a reference to the actual November 10, 2010, AEDPA filing deadline and if petitioner did not have all the documents he sought prior to filing his initial habeas state court filing, on August 4, 2010 (by applying the mailbox rule), this raises the specter of a separate issue of non-exhaustion even had the filing been deemed timely filed.  Respondent did not file any reply.

The court requires further briefing in order to determine whether petitioner presents any basis at all for equitable tolling.  Petitioner should explain how his lack of access to legal material presented an insurmountable obstacle to the filing of his initial state court petition before 266 days had run from the date of the finality of his conviction, keeping in mind that a lack of access to a law library or ignorance of the law have not been found to be extraordinary circumstances.  Raspberry v. Garcia, 448 F.3d at 1154; Hughes v. Idaho State Bd. of Corrections, supra, 800 F.2d at 909; U.S. v. Van Poyck, 980 F. Supp. at 1110-11.  Also, it is unclear to the court how petitioner's not having received material related to a family law case timely could have had such an impact on the filing of his state or federal court habeas petitions regarding his criminal case and how that could serve to warrant equitable tolling when, as noted above, an inability to obtain transcripts has not been found to constitute an extraordinary circumstance.

U.S. v. Van Poyck, 980 F. Supp. at 1110-11.

Accordingly, IT IS HEREBY ORDERED:

1. Petitioner must file supplemental briefing directed to the question of equitable tolling and addressing the issues raised herein in that regard, within twenty-one (21) days of the date of this filing;

2. Respondent is directed to file a response to petitioner's supplemental briefing within 21 days after that briefing has been filed;

3. There will be no extensions of time for the filing of supplemental briefing by either party;

4. The Clerk of the Court is directed to substitute Ron Barnes, warden of California Correctional Center as the respondent in the docket of this case, in place of the improperly named People of the State of California.

DATED: December 20, 2011

   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009/ashf1423.mtd