1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LAURENCE EDWIN ASHFORD,

11            Petitioner,                    No. CIV S-11-1423 JAM GGH P

12       vs.

13
     RON BARNES, Warden,
14
              Respondent.              FINDINGS AND RECOMMENDATIONS
15   _____/

16   Introduction

17            By Order, filed on December 20, 2011, the undersigned, in adjudicating

18   respondent's August 16, 2011, motion to dismiss the petition on grounds of untimeliness, stated

19   that further briefing would be required to determine whether petitioner has presented any basis

20   for equitable tolling.  See Docket # 14.  The analysis finding that the instant habeas petition was

21   filed approximately six months[1] beyond the statutory AEDPA deadline has been set forth fully in

22   the Order at docket # 14 (pp. 2-7).

23   \\\\\

24

25        [1]  In the Order, filed on December 20, 2011 (Dkt # 14, p. 6), although the instant petition
     was correctly calculated as being untimely by about six months, an erroneous calculation was
26   inadvertently inserted that the instant petition was 551 days – rather than the correct 187
     days – late under the AEDPA statute.

                                            1

1          To summarize, the first habeas petition was filed in Sacramento County Superior

2 Court *on August 4, 2010* (Rsp. Lod. Doc. 6) and denied on *October 22, 2010* (Rsp. Lod. Doc. 7),

3 citing, inter alia In re Robbins, 18 Cal.4th 770, 811-812, 812 fn. 32 (1998); In re Clark, 5 Cal. 4th

4 750, 774-775 (1993).  See Dkt # 14, p. 3.  The second petition was filed in the Third District

5 Court of Appeal *on February 3, 2011* (Rsp. Lod. Doc. 8) and denied in a postcard denial on

6 *February 17, 2011* (Rsp. Lod. Doc. 9).  Id.  The third and final state court habeas petition

7 (denominated a "Petition for Review") was filed in the California Supreme Court *on March 11,*

8 *2011* (Rsp. Lod. Doc. 10) and received a postcard denial *on May 11, 2011*( Rsp. Lod. Doc. 11).

9 Id.  There is no dispute in the supplemental briefing that petitioner's conviction became final for

10 AEDPA purposes on November 10, 2009, and that his filing in Sacramento County Superior

11 Court, by liberal application of the mailbox rule, occurred on August 4, 2010, some 266 days

12 later.  See Docket # 14, pp. 3-4.  As this court has previously stated:

13          In denying petitioner's initial habeas petition, the state superior
court was explicit in finding the claims barred by Robbins/Clark.

14 See Rsp. Lod. Doc. 7. While the court went on to discuss the
merits, after expressly finding each specific claim of the petition

15 untimely, to clarify that each would be denied even if not barred
(and also asserting additional state procedural bars as to some

16 claims, referencing, e.g., In re Dixon, 41 Cal.2d 756 (1953)), it is
clear the merits were reached only to establish that petitioner's

17 filing did not meet any exception entitling him to review. See id.
Therefore, respondent accurately asserts that petitioner's first

18 habeas petition could not have tolled the statutory limitations
period. MTD, p. 5, citing, Pace, supra, 544 U.S. 414-15, 125 S.Ct.

19 1807; Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005)
(petition denied as untimely is not properly filed and cannot toll the

20 AEDPA limitations period).  Thus, another eighty days elapsed
while the first state court petition was pending, bringing the

21 number of days elapsed to 346.  Id.  Respondent is correct that the
statute of limitations expired on November 10, 2010, during the

22 one hundred-and-three-day period between the October 22, 2010,
initial habeas petition denial and the filing, on February 3, 2011, in

23 the state appellate court, during that period four hundred and forty
nine (449) days had passed, exceeding the statute of limitations at

24 that point by eighty-four days. MTD, p. 5. There was again no
tolling during the pendency of that filing until the February 17,

25 2011 denial, nor any interval tolling between the date of the
appellate court denial and the filing in the state Supreme Court on

26 March 11, 2011, nor any tolling between that filing and the May

1    11, 2011 denial. This is so because there is no tolling to which
     petitioner is entitled by the AEDPA statute because he never had a
2    properly filed petition in state court during the one-year statutory
     period. That is, his state court petitions filed after the expiration of
3    the statutory limitation period could not revive the statutory
     limitation period. Section 2244(d)(2) can only pause a clock not yet
4    fully run; it cannot "revive" the limitation period once it has run
     (i.e., restart the clock to zero). Thus, a state court habeas petition
5    filed beyond the expiration of AEDPA's statute of limitations does
     not toll the limitation period under § 2244(d)(2). See Ferguson v.
6    Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276
     F.3d 478, 482 (9th Cir.2001).

7

8    See Order, filed on 12/20/11 (Dkt #14), pp. 5-6.

9            With respect to the question of equitable tolling, the undersigned set forth the

10   applicable standards:

11           The Supreme Court has fairly recently held "like all 11 Courts of
             Appeals that have considered the question...that § 2244(d) is
12           subject to equitable tolling in appropriate cases." Holland v.
             Florida,     U.S.    , 130 S. Ct. 2549, 2560 (2010).  In Calderon
13           v. U.S. District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir.
             1997) (the Ninth Circuit case cited in Holland, supra), overruled on
14           other grounds, Calderon v. U. S. District Court (Kelly), 163 F.3d
             530 (9th Cir. 1998), itself abrogated by Woodford v. Garceau, 538
15           U.S.202, 123 S. Ct. 1398 (2003), the Ninth Circuit found that the
             statute of limitations could be equitably tolled if extraordinary
16           circumstances beyond a prisoner's control made it impossible to
             file the petition on time.  "In addition, '[w]hen external forces,
17           rather than a petitioner's lack of diligence, account for the failure
             to file a timely claim, equitable tolling may be appropriate.'" Lott
18           v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002), quoting Miles
             v.Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

19

20   See Order at Dkt # 14, p. 7

21           In directing the filing of supplemental briefing with respect to the

22   question of equitable tolling, the court stated:

23           Petitioner should explain how his lack of access to legal material
             presented an insurmountable obstacle to the filing of his initial
24           state court petition before 266 days had run from the date of the
             finality of his conviction, keeping in mind that a lack of access to a
25           law library or ignorance of the law have not been found to be
             extraordinary circumstances. Raspberry v. Garcia, 448 F.3d at
26           1154; Hughes v. Idaho State Bd. of Corrections, supra, 800 F.2d at

3

909; U.S. v. Van Poyck, 980 F. Supp. at 1110-11.  Also, it is
unclear to the court how petitioner's not having received material
related to a family law case timely could have had such an impact
on the filing of his state or federal court habeas petitions regarding
his criminal case and how that could serve to warrant equitable
tolling when, as noted above, an inability to obtain transcripts has
not been found to constitute an extraordinary circumstance.  U.S. v.
Van Poyck, 980 F. Supp. at 1110-11.

Order at Dkt # 14, pp. 12-13.

       In his opposition to the motion to dismiss, petitioner contended that he had no law

or legal material available at his location and no expert knowledge of the law but had diligently

sought to file his petitions timely.  See Order, filed on 12/20/11 at Docket (Dkt # 14), citing

Opp., pp. 1-2.  Petitioner also stated that he had to correspond with the Susanville prison law

library for legal material or answers to legal questions and included, attached to his declaration, a

copy of an Inmate Request for Interview, dated February 16, 2010, wherein he had asked for loan

of a law book to help him work on a habeas corpus petition at the Eel River Conservation Camp

and for a "list of grounds for appeal."   Dkt # 14, citing id., at 2 & Exhibit (Ex.) M4.  The

response, dated April 27, 2010, indicated no law book could be sent to the camp, with grounds

for appeal barely addressed; petitioner maintained another request was never even returned.   Dkt

# 14, citing id., at 2.  The court notes that also within his opposition, plaintiff stated that he had at

some point written to San Quentin Prison's Prison Law Office from which he had received his

only guidance with regard to completing forms and meeting deadlines and from which he

received instructions advising him that he was required exhaust state judicial remedies before

filing a federal habeas petition.  Opp., p. 2.  Petitioner further contended that his diligence was

demonstrated by the fact that his state Supreme Court petition denial was on May 11, 2011, and

that the instant petition was filed on May 16, 2011.  Id.  In his supplemental briefing with respect

to this issue, petitioner simply re-asserts a continuing lack of access to law books and legal

material.  Petitioner's supplemental briefing (PSB), p. 1.  Respondent points out in his

supplemental briefing that in the state Superior Court habeas corpus form petitioner used, there is

1    a portion for petitioner to explain any delay in raising claims.  RSB, p. 5, Respondent's Lodged

2    Document 6, petitioner's Superior Court habeas petition, section 15 (last page).  Although

3    respondent made this observation to point out that petitioner made no other explanation for any

4    delay, this explanation is further evidence of a complete lack of access to a prison law library.  In

5    that section, petitioner explains that it takes 30-90 days per request to correspond with

6    Susanville.  Id.  In Raspberry v. Garcia, 448 F.3d at 1154, the Ninth Circuit found that a

7    petitioner's "inability correctly to calculate the limitations period is not an extraordinary

8    circumstance warranting equitable tolling."  In Hughes v. Idaho State Bd. of Corrections, 800

9    F.2d at 908-909, a Ninth Circuit panel determined that a petitioner's illiteracy was not cause to

10   excuse a pro se petitioner's procedural default (having bypassed and failed to timely exhaust his

11   remedies in state Supreme Court).  In U.S. v. Van Poyck, 980 F. Supp. at 1110-11, a court in the

12   Central District found that lack of transcripts and limited access to a prison law library did not

13   warrant equitable tolling for a § 2255 movant.  More recently, the Ninth Circuit has found that

14   while a lack of knowledge that state courts have reached a resolution of a petitioner's case can

15   provide grounds for equitable tolling if he acted diligently, partial law library access does not

16   warrant equitable tolling where petitioner was in administrative segregation and had limited law

17   library and copy machine access.  Ramirez v. Yates, 571 F.3d 993, 997-98 (9th Cir. 2009).

18          However, the Ninth Circuit in an en banc decision earlier determined that a

19   deficient prison law library may constitute an impediment to filing under 28 U.S.C. §

20   2244(d)(1)(B) or justify equitable tolling.  Whalem/Hunt v. Early, 233 F.3d 1146, 1147 (9th Cir.

21   2000) (en banc) (finding that a prison law library's not having AEDPA legal materials until 1998

22   and thus, until then, not affording petitioner awareness of the one-year statute of limitations for

23   filing a petition could constitute an impediment to petitioner to filing under § 2244(d)(1)(B) or

24   entitle him to equitable tolling); see also, Moore v. Battaglia, 476 F.3d 504, 507 (7th Cir. 2007).

25   In Roy v. Lampert, 465 F.3d 964, 970 n. 1 (9th Cir. 2006), the appellate court noted that its focus

26   in finding equitable tolling potentially warranted had been "almost exclusively" on the presence

1    of "extraordinary circumstances" rather than on "whether the habeas petitioner had pursued their

2    [sic] rights diligently." Id., citing Laws v. Lamarque, 351 F.3d 919 (9th Cir. 2003); Spitsyn v.

3    Moore, 345 F.3d 796; Stillman v. LaMarque, 319 F.3d 1199; Corjasso v. Ayers, 278 F.3d 874;

4    Jorss v. Gomez, 311 F.3d 1189 (9th Cir.2002); Whalem/Hunt v. Early, 233 F.3d 1146;  Miles v.

5    Prunty, 187 F.3d 1104; Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, overruled

6    on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir.1998)

7    (en banc).

8              In evaluating the diligence of the petitioners therein, the Ninth Circuit reaffirmed

9    that pro se habeas filings must be liberally construed.  Roy , 465 F.3d at 970, citing Allen v.

10   Calderon, 408 F.3d 1150, 1153 (9th Cir.2005); Belgarde v. State of Montana, 123 F.3d 1210,

11   1213 (9th Cir.1997) ("We construe a pro se litigant's habeas petition with deference.").  In order

12   to show diligence petitioners did "not have to allege specific dates and times of library visits";

13   rather, "the petitioners can allege facts showing that extraordinary circumstances-and not a lack

14   of diligence-caused the failure to file."  Roy , 465 F.3d at 973-74 (finding petitioners' allegations

15   regarding their efforts "to pursue their claims and complain about their situations" prior to the

16   expiration of the AEDPA deadline sufficient to demonstrate diligence entitling them to an

17   evidentiary hearing where "extraordinary circumstances" were demonstrated per Whalem/Hunt).

18   Conceding that the court could simply have found petitioners entitled to equitable tolling without

19   remanding for an evidentiary hearing, the Ninth Circuit declined to do this because there were

20   "significant conflicts among the affidavits on material issues.")  Roy, at 975.  However, in this

21   instance, there is no dispute that petitioner was wholly deprived of law library access for the

22   period up through and apparently continuing after the 266 days from the date of the finality of his

23   conviction until the filing of his initial state court habeas petition.  Respondent does not argue

24   otherwise, focusing instead on the point that petitioner has arguably failed to demonstrate how he

25   was deprived of family law documents for the sustained period of time and how that could

26   warrant equitable tolling.  See RSB, pp. 4-9.  This court finds, based on petitioner's undisputed

1   wholesale lack of access to any prison law library materials and his efforts, largely futile, to

2   remedy this deprivation throughout and beyond this period, that he is entitled to equitable tolling

3   for the 266-day period between November 10, 2009 when his conviction for AEDPA purposes

4   became final and the date of his initial state court habeas filing on August 4, 2010.   With this

5   grant of equitable tolling on this basis, no further argument need be reached as even if petitioner

6   had no tolling from the point of denial of the initial petition on October 22, 2010, through to the

7   date of filing the instant petition, on May 16, 2011 (a 206-day period), that is, if he had no

8   equitable tolling for his subsequent forays into the intermediate state appellate court and the state

9   Supreme court, his petition would still be timely as there would be 159 days left to run at the

10   time of filing the instant petition.   Moreover, the petition would still be timely if there were no

11   equitable tolling afforded petitioner for the time during which the initial habeas petition was

12   pending in the state Superior court, that is from August 4, 2010 to May 16, 2011, because at the

13   time of filing the instant petition, there would still be 80 days to run on the AEDPA statute.

14          Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to

15   dismiss the petition as barred by the AEDPA statute of limitations, filed on August 16, 2011

16   (docket # 11), be denied and respondent be directed to file an answer within thirty days of

17   adoption of these findings and recommendations, should that occur.

18          These findings and recommendations are submitted to the United States District

19   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).   Within fourteen

20   days after being served with these findings and recommendations, any party may file written

21   objections with the court and serve a copy on all parties.   Such a document should be captioned

22   "Objections to Magistrate Judge's Findings and Recommendations."   Any reply to the objections

23   shall be served and filed within fourteen days after service of the objections.   The parties are

24   \\\\\

25   \\\\\

26   \\\\\

7

1  advised that failure to file objections within the specified time may waive the right to appeal the

2  District Courts order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: February 9, 2012

4                                          <u>/s/ Gregory G. Hollows</u>
                                           UNITED STATES MAGISTRATE JUDGE

5

6  GGH:009
   ashf1423.fr

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26